UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO MANCILLA VALDOVINOS,<br><br>Plaintiff,<br><br>v.<br><br>A. DUENAS, CHAVEZ I. VALVERDE, RIVERA, and ANDERSON,<br><br>Defendants. | Case No.  1:25-cv-01579-HBK (PC)<br><br>ORDER TO SHOW CAUSE<br><br>MARCH 10, 2026 DEADLINE |

Plaintiff Jairo Mancilla Valdovinos, a pretrial detainee, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 on November 18, 2025.  (Doc. 1).  On January 12, 2026, the undersigned screened Plaintiff's complaint and found cognizable Fourteenth Amendment claims for excessive force against Defendants Duenas, Chavez I. Valverde, Rivera, and Anderson in their individual capacities for tasing and striking Plaintiff with batons after he was restrained, but no other cognizable claims.  (Doc. 7 at 4-5).

Plaintiff was given three options: (1) file a First Amended Complaint; (2) file "Notice Under Rule 41 and 15" stating he intends to stand on his complaint as screened and proceed only on those claims the Court deemed cognizable, effectively dismissing his Fourteenth Amendment excessive use of force claim against Defendant Chavez for striking Plaintiff with a baton before he was handcuffed and his Eighth Amendment excessive use of force claims against all Defendants; or (3) file a "Notice to Stand on Complaint" subject to the undersigned

recommending the district court to dismiss the claims deemed not cognizable. (*Id*. at 6-8). Plaintiff was directed to deliver either his amended complaint or appropriate notice to correctional officials for mailing no later than February 13, 2026. (*Id.* at 7). The Court expressly warned Plaintiff that if he "fails to timely respond to this Court Order or seek an extension of time to comply" the undersigned "will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action." (*Id*. at 7, ¶ 1). Ten days have passed since the February 13, 2026 deadline, allotting sufficient time to account for mailing, and Plaintiff has failed to exercise any of the three options or request an extension of time to comply as of the date of this Order to Show Cause. *See* docket.

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order.

Accordingly, it is hereby **ORDERED**:

1. **No later than March 10, 2026**, Plaintiff shall comply with the Court's previous January 12, 2026 Order, or show cause why the Court should not recommend that this case be dismissed without prejudice for Plaintiff's failure to prosecute this action and/or his failure to timely comply with the Court's previous January 12, 2026 Order.

2. In the alternative, by the same date, Plaintiff may file a Notice of Voluntary Dismissal under Fed. Rule of Civ. Pro. 41(a) should he no longer wish to prosecute this action.

Dated:    February 24, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2