UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO MANCILLA VALDOVINOS,<br><br>Plaintiff,<br><br>v.<br><br>A. DUENAS, CHAVEZ I. VALVERDE, RIVERA, and ANDERSON,<br><br>Defendants. | Case No.  1:25-cv-01579-HBK (PC)<br><br>ORDER NOTING PLAINTIFF'S VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) AND 15(a) OF CERTAIN CLAIMS<br><br>(Doc. 9)<br><br>ORDER FINDING SERVICE OF COMPLAINT APPROPRIATE AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN<br><br>30 DAY DEADLINE |

Plaintiff Jairo Mancilla Valdovinos, a pretrial detainee, initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 on November 18, 2025.  (Doc. 1, "Complaint").  On January 12, 2026, this Court issued a screening order finding the Complaint stated cognizable Fourteenth Amendment claim for excessive force against Defendants Duenas, Chavez I. Valverde, Rivera, and Anderson in their individual capacities for tasing and striking Plaintiff with batons after he was restrained.  (*See generally* Doc. 7).  Specifically, the Court found the Complaint did not state a cognizable Fourteenth Amendment excessive use of force claim against Defendant Chavez for the single baton strike prior to Plaintiff being restrained, nor did it state an

Eighth Amendment claim against any Defendant since Plaintiff was a pretrial detainee and not a prisoner. (*See id.*). The Screening Order further directed Plaintiff to elect one of three options: (1) file a first amended complaint; (2) file a "Notice under Federal Rules of Civil Procedure 41 and 15" stating his intent to stand on his Complaint as screened subject to the voluntary dismissal of the defendant(s) and other claim(s) deemed not cognizable; or (3) stand on the Complaint subject to the Court recommending dismissal of defendant(s) and claim(s) deemed not cognizable to the district court. (*Id.* at 6-7).

On February 25, 2026, Plaintiff filed a "Notice Under Rule 41(a)(1) and Rule 15." (Doc. 9, "Notice"). The Notice, which is signed by Plaintiff, states:

> I intend to stand on my complaint as screened and proceed only with those claims the court deems cognizable. Plaintiffs fourteenth amendment claims for excessive force against Defendants Duenas, Chavez, Rivera, and Anderson for tasing and striking Plaintiff with batons after he was restrained and dismisses his fourteenth amendment excessive use of force claim against Chavez for striking plaintiff before being restrained and his eight amendment excessive use of fourth claims against all defendants under federal rule of procedure 41(a)(1) and Rule 15.

(*Id.*).

A plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a notice of dismissal before the opposing party answers the complaint. Fed. R. Civ. P. 41 (a)(1)(A)(i). Here, no party has answered or moved for summary judgment. (*See* docket). Further, the Ninth Circuit recognizes a party has an absolute right prior to answer or summary judgment to dismiss fewer than all named defendants or claims without a court order. *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993). Alternatively, the Court construes Plaintiff's Notice as a motion to amend the Complaint under Federal Rule of Civil Procedure 15(a*). Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (Rule 15(a) "is the appropriate mechanism" when a party is eliminating an issue or one or more claims but not completely dismissing a defendant).

In accordance with Plaintiff's Notice, the Court deems the Complaint amended to dismiss Plaintiff's Fourteenth Amendment excessive use of force claim against Defendant Chavez for the single baton strike prior to Plaintiff being restrained and his Eighth Amendment claims against all

2

Defendants.  Thus, Pursuant to the Court's screening order, Plaintiff's Complaint will proceed only on his Fourteenth Amendment claim for excessive force against Defendants Duenas, Chavez I. Valverde, Rivera, and Anderson in their individual capacities for tasing and striking Plaintiff with batons after he was restrained.

Accordingly, it is ORDERED:

1. Plaintiff construed motion to amend (Doc. 9) is GRANTED and Plaintiff's Fourteenth Amendment excessive use of force claim against Defendant Chavez for the single baton strike prior to Plaintiff being restrained and his Plaintiff's Eighth Amendment claims are dismissed.

2. Service shall be initiated on the following defendant(s):

   **a.  Officer A. Duenas, Fresno County Jail**

   **b.  Officer Chavez I. Valverde, Fresno County Jail**

   **c.  Officer Rivera, Fresno County Jail**

   **d.  Officer Anderson, Fresno County Jail**

3. The Clerk of the Court shall send Plaintiff four (4)  USM-285 forms , four (4) summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint filed on November 18, 2025 (Doc. 1);

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents, and submit the completed Notice to the Court with the following documents:

   a. One (1) completed summons for each defendant listed above;

   b. One (1) completed USM-285 form for each defendant listed above; and

   c. Five (5) copies of the endorsed Complaint filed on November 18, 2025.

5.  Plaintiff need not attempt service on this defendant and need not request waiver of service.  Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendant under Federal Rules of Civil Procedure 4 without payment of costs; and

6.  **<u>The failure to comply with this order will result in dismissal of this action.</u>**

Dated:    <u>February 26, 2026</u>

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE