UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO MANCILLA VALDOVINOS,<br>Plaintiff,<br>v.<br>A. DUENAS, et al.,<br>Defendants. | Case No. 1:25-cv-01579-HBK (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANTS CHAVEZ I. VALVERDE, RIVERA AND ANDERSON SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>45-DAY DEADLINE |

Plaintiff Jairo Mancilla Valdovinos, a state prisoner, proceeds pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Fourteenth Amendment excessive force claims against Defendants Duenas, Chavez I. Valverde, Rivera, and Anderson, arising from an alleged beating during Plaintiff's pre-trial detention in Fresno County Jail ("FCJ"). (Docs. 1, 7, 9, 11).

On March 24, 2026, the Court directed the United States Marshal to serve Defendants. (Doc. 14). The order identified each Defendant was a "Correctional Officer" at FCJ. (*Id.* at 2).

Under Federal Rule of Civil Procedure 4(m), the Court may dismiss an unserved defendant within 90 days unless the plaintiff shows good cause for the failure to serve or provides information that permits service.

////

A plaintiff proceeding *in forma pauperis* may rely on the U.S. Marshal for service. Fed. R. Civ. P. 4(c)(3). However, the plaintiff must provide sufficient and accurate information to identify and locate each defendant. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990); *Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995).

The United States Marshal Service attempted to serve Defendants at FJC using the information Plaintiff provided. On July 13, 2026, the United States Marshal Service returned the summonses unexecuted for Defendants Chavez I. Valverde, Rivera, and Anderson. (Doc. 15). Defendant Valverde could not be served because he no longer worked at FCJ, and was believed to be employed at an unidentified California Department of Corrections and Rehabilitation ("CDCR") facility. (*Id.* at 1). Defendants Rivera and Anderson could not be served because there were "multiple employees with the same last name"; thus, "more identifying information" was required to serve the correct Rivera and Anderson. (*Id.* at 2–3).

Plaintiff must show good cause why Defendants Valverde, Rivera, and Anderson should not be dismissed from the action. Alternatively, Plaintiff may provide additional information that will assist the United States Marshals Service in identifying and serving those Defendants. For example, as to Defendant Valverde, Plaintiff may provide the CDCR facility at which Valverde is currently employed. As to Defendants Rivera and Anderson, Plaintiff may provide the Defendants' first names, shifts, work locations, or other identifying physical characteristics sufficient to distinguish them from other FCJ employees with the same surname.

////

Accordingly, it is hereby ORDERED:

1. Within 45 days after service of this order, Plaintiff must either: (a) show cause why Defendants Chavez I. Valverde, Rivera, and Anderson should not be dismissed from this action; or (b) provide additional information that will allow the United States Marshal Service to serve those Defendants.
2. If Plaintiff fails to respond, fails to show good cause, or fails to provide sufficient information to effectuate service, the Court may dismiss Defendants Chavez I. Valverde,

Rivera, and Anderson from this action without prejudice under Federal Rule of Civil Procedure 4(m).

Dated: September 30, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE